Justine Wise Polier, J.
The three children aged three, two and almost one year of age respectively were brought before the court as neglected on the petition of a social investigator of the Department of Welfare on June 29, 1960. The petition cited Samuel Israel, also known as Aber Goldberg, and Sandra Israel as the parents and set forth that the children are Hebrew. The petition alleged that the children were under improper care and supervision, that the father was a severe psychopath and had threatened to kill the petitioner, that he had not attempted to establish a permanent home for his family, had no apparent means of support, and had refused assistance from the Department of Welfare. It further alleged that the family was evicted three times since January, 1960 and that the home was in a filthy condition. The mother was alleged to be mentally defective.
On the initial appearance of the respondent parents following execution of a warrant, the Justice presiding committed both to Bellevue Hospital for observation because of irrational behavior in the court. The children were temporarily remanded *1090 to Windham GMIdren’s Service returnable July IS, 1960. After a further adjournment of 10 days, a bearing was held and the court made a finding on July 28, 1960 that the children were neglected. At that time the mother was present and consented to temporary placement. The father, in the meantime, had been certified as mentally ill and sent to Manhattan State Hospital, through the Supreme Court.
The mother is a dull, if not defective woman, who is expecting another child. Investigation of the father has revealed a long history of conflicting stories, aliases, court records and mental illness. The question of the religion of the children has come to be the stumbling block that has prevented appropriate placement or even planning for these three infants. The law requiring placement of children in accordance with their religion where practicable has been interpreted so that in many instances the best interest of the child has been scrutinized with less than ordinary concern. The law, however, cannot be interpreted so as to deny children both proper care and planning in the light of all the facts available to the court.
In the case before me the children have neither been baptized nor formally admitted into any faith. The father declares he is Jewish and that his children are Jewish. The mother has stated that she wishes the children brought up in their father’s religion and appears entirely passive and dependent. The mother practices no religion but is of Protestant family background.
From a previous record in this court, earlier court records and hospital records, it is now evident that the father has been in and out of mental hospitals since 1937 when he was first committed to Bungs Park Hospital. By an earlier common-law wife who bore him two children he was regarded as a Negro who came to New York from the South. He was allegedly married to a Lena Mae Goldberg in 1953 according to testimony before this court in 1954. There is no evidence of a divorce from this woman or of marriage to the mother of the three children before the court. The father has given various and conflicting stories as to his country of origin including Palestine, Ethiopia and Germany. There is no evidence that he has ever been outside the United States, and there seems to be reason to believe that his statements about his religion are closely associated with other delusions about his identity.
In view of this situation the court concludes that no finding can be made as to the religion of the children at this time. Neither parent is competent to care for them. It is essential for their growth and development that plans be made without *1091 further delay for long-term placement, so that they will not suffer further from, changing temporary placements. The court finds that it is in the best interest of the children to place them in a nonsectarian agency for a period of six months and then review whether there is available any further evidence on which to base a finding of religion.
The temporary remand is continued and the children are referred for foster home care plan in a nonsectarian agency and report November 4,1961. Refer to Judge Polier.